*MILDRED G. HOURAN v. CHARLES WHITNEY, ET AL.

Finding on Interrogatory in Malicious Trespass on Real Estate that Defendants were not Guilty of Intentional Wrongdoing or Actual Malice not Inconsistent with General Verdict for Plaintiff, Including Punitive Damages.

> In an action to recover damages for an alleged wanton and malicious trespass on real estate, in which the jury returns a general verdict for the plaintiff, and assesses the actual damages and the punitive damages separately, and further states, in answer to an interrogatory submitted, that it does not find the defendants were guilty of intentional wrongdoing or actual malice, the plaintiff is entitled to a judgment for the full amount of the general verdict, as such special finding does not exclude a conclusion that the defendants acted wantonly, or in reckless disregard of the rights of the plaintiff, and it is not, therefore, irreconcilable with the general verdict.

[Syllabus by the court.]

ERROR to common pleas court.

C. P. & R. D. Wickham, for plaintiff in error.
A. V. Andrews, for defendants in error.

## RICHARDS, J.

In the court of common pleas, Mildred G. Houran brought an action against the defendants to recover damages for an alleged wrongful, wanton and malicious trespass committed upon her premises. Issues were made up between the parties and the case tried to a jury, resulting in a general verdict in favor of the plaintiff for $210.

The trial court, at the request of the defendants, submitted to the jury certain special interrogatories to be answered by them in the event they returned a general verdict. The jury in response to the first interrogatory answered that they returned $10 as actual damages caused by the trespass; and in

---

*Affirmed, no op., 89 O. S. 000; 59 Bull. 78.

answer to the second interrogatory that they returned the sum of $200 by way of punitive damages.

The fourth interrogatory submitted reads as follows:

"4. Do you find that any of the defendants on the evening of March 16, 1908, were guilty of intentional wrongdoing or actual malice toward the plaintiff?

Answer: No."

After the rendition of the verdict, the case came on to be heard in the trial court upon the motion of the plaintiff for a judgment in her favor on the general verdict for the sum of $210 and costs, and the motion of the defendants that the court render a judgment on the general verdict, as modified by the special findings and the answers of the jury, in the sum of $10 only. The court found and adjudged that the general verdict to the extent of $200 was inconsistent with the special findings and irreconcilable therewith, and rendered judgment for $10 only, thus eliminating the amount of $200, allowed as punitive damages.

The plaintiff insists in this court that the answers to the interrogatories are not so irreconcilably inconsistent with the general verdict as to justify the action of the trial court in refusing to enter a judgment for $210 and in entering a judgment for $10 only.

It will be noted that by the answer of the jury to interrogatory No. 4, they find only that the defendants were not moved by "intentional wrongdoing or actual malice towards the plaintiff." It is insisted by counsel for the defendants that this answer precludes the allowance of any punitive or exemplary damages.

Many fine distinctions have been drawn between actual malice, express malice and malice in fact on the one hand, and implied malice, imputed malice, constructive malice and malice in law on the other hand, but into this fruitful field of discussion it will not be necessary to enter.

A careful examination of the question raised by the record in this case leads us to the conclusion that interrogatory No. 4 is too restricted in its language to forbid the allowance of exemplary damages.

During the argument, reference was made to *Mauk* v.

*Brundage,* 68 Ohio St. 89 [67 N. E. Rep. 152], but the Supreme Court was passing only upon the phrase "express malice" in that case, and was not considering whether exemplary damages could be allowed in cases of the kind under consideration upon a finding of any circumstances other than express malice.

Reference was also made during the argument to the case of *Young* v. *Telephone & Telegraph Co.,* an unreported case tried in the court of common pleas of this county, affirmed by this court and affirmed by the Supreme Court, without report, in *American Tel. & Tel. Co.* v. *Young,* 78 Ohio St. 399. An examination of the record in that case, which was one of alleged wanton and malicious trespass upon real estate, shows that the charge of the court authorized the jury to award punitive or exemplary damages, if they found the acts were done "wantonly or maliciously or with a reckless disregard of plaintiff's rights." While it may be true that neither the circuit court nor the Supreme Court passed upon that language, we believe it to be a correct statement of the rule under which a jury would be justified in allowing exemplary damages in a case like the one now before the court. It seems to be in accord with 1 Sutherland, Damages 716, where the author says:

"There is much authority for allowing damages beyond compensation for torts whenever a case shows a wanton invasion of the plaintiff's rights or any circumstances of outrage or insult; whenever there has been oppression or vindictiveness on the part of the wrongdoer; whenever there is a willful malice or reckless tort to person or property."

The Century dictionary defines "wanton' as characterized by extreme recklessness, also recklessly disregardful of rights or consequences.

The scope of this interrogatory is not broad enough to cover a case in which the jury find that although the defendants may not have been moved by actual malice, yet they may have acted wantonly and with a reckless disregard of the rights of the plaintiff. It appears to the court, therefore, that interrogatory No. 4 and the response thereto of the jury are not so irreconcilably in conflict with the general verdict as to have justified the court in refusing to enter a judgment for the plaintiff for the amount

of the general verdict.    Well established practice requires that
it must appear that the special findings are in a legal sense ir-
reconcilable with the general verdict and that this conflict must
be clear before a court will be justified in disregarding the gen-
eral verdict.    *Davis* v. *Turner,* 69 Ohio St. 101, 102 [69 N. E.
Rep. 819].

The judgment of the court of common pleas will be reversed
and, proceeding to render the judgment which that court should
have rendered, judgment will be entered in favor of the plaintiff
upon the general verdict.

**Kinkade, J.,** concurs.